# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN V. KLAT,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MITCHELL REPAIR INFORMATION COMPANY, LLC and SNAP-ON, INC.,<br><br>　　　　　Defendants. | CASE NO. 08 CV 1907 JM (CAB)<br><br>**ORDER:**<br><br>**1) OVERRULING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE FINDINGS AND ORDER TO COMPEL PLAINTIFF'S ATTENDANCE AT DEPOSITION; and**<br><br>**2) REQUESTING REPORT AND RECOMMENDATION REGARDING SANCTIONS**<br><br>Doc. No. 24 |

On May 6, 2009, Magistrate Judge Cathy Ann Bencivengo issued an Order granting Defendants' Motion to Compel Plaintiff's Deposition. ("Order," Doc. No. 23.) Pursuant to Federal Rule of Civil Procedure ("Rule") 72(a), Plaintiff filed objections to that order on May 11, 2009. ("Obj.," Doc. Nos. 24-25.) At the court's request, Defendants responded to the Objections on May 19, 2009. (Doc. Nos. 28-29.)

In the Order, Magistrate Judge Bencivengo required Plaintiff to submit to a deposition no later than May 15. (Order at 2.) Defendants noticed Plaintiff for deposition on May 13 from 9 a.m. to 5 p.m. (Doc. No. 29, Exh. C.) Plaintiff received the notice by mail on May 11, 48 hours in advance of the assigned time. (Obj. at 2, 4.) However, on May 12, Plaintiff notified Defendants she would not

1  appear at the May 13 deposition. (Doc. No. 28 at 2.) This sequence of events marks the second time
2  Plaintiff has failed to submit to a noticed deposition. (See Doc. No. 19.)

3  As best as the court can decipher, Plaintiff argues the following points: 1) the 48-hour notice
4  she allegedly received was "inappropriate;" 2) the eight-hour time block scheduled for the deposition
5  is "out of line with protocol" and, coupled with Plaintiff's recent employment termination, is allegedly
6  intended to harass Plaintiff; 3) the timing and duration of the noticed deposition allegedly demonstrate
7  *ex parte* judicial communications with regard to scheduling as well as retaliation (presumably by the
8  court and Defendants) against Plaintiff for having opposed Defendants' motion to compel; and 4) the
9  events evidently show Magistrate Judge Bencivengo has no intention of requiring Defendants to
10 adhere to disclosure requirements or to follow federal wage laws. (Obj. at 2.)

11 Notably, the majority of Plaintiff's arguments do not address the propriety of the Order itself
12 but rather the manner in which Defendants carried out its directions. Although these issues are not
13 properly the subject of a Rule 72(a) objection, the court addresses them here.

14 As a first consideration, the court reiterates that Defendants have an express right to "depose
15 any person, including a party, without leave of court...." Fed. R. Civ. P. 30(a)(1). Defendants are
16 obligated only to give "reasonable written notice" of the time and place of the deposition. Fed. R. Civ.
17 P. 30(b)(1). The Order expressly required Plaintiff to submit to a deposition before May 15. Thus,
18 Plaintiff should have expected to be noticed for a deposition between May 6 and May 15. Under the
19 circumstances, the court finds Defendants gave Plaintiff reasonable written notice within the time
20 frame outlined in the Order.

21 As to the eight-hour time block scheduled for the deposition, Defendants correctly cite to
22 Federal Rule of Civil Procedure ("Rule") 30(d)(1). (Doc. No. 28 at 2.) While this Rule limits a
23 deposition to "1 day of 7 hours[,]" the Rule also "contemplates that there will be reasonable breaks
24 during the day for lunch and other reasons, and that the only time to be counted is the time occupied
25 by the actual deposition." Fed. R. Civ. P. 30, Notes of Advisory Committee on 2000 Amendments.
26 Thus, the court concludes Defendants' notice for a 9 a.m. to 5 p.m. schedule was reasonable.
27 Furthermore, after Plaintiff objected to having the deposition in Magistrate Judge Bencivengo's
28 courtroom, Defendants selected a neutral, private location. (Doc. No. 25, Exh. D.) These actions do

not indicate any *ex parte* communication took place, as the court was not involved with scheduling the deposition. Nor can these accommodating actions by Defendants be construed as retaliatory in nature, particularly in light of Defendants' right to depose Plaintiff under Rule 30.

In her last argument, Plaintiff essentially takes the position that she can ignore the court's orders simply because Magistrate Judge Bencivengo has allegedly failed to require Defendants' compliance with disclosure requirements or otherwise rule in her favor on the merits of the case. Once again, the arguments are not directed toward the Order itself. To the extent Plaintiff relies on these contentions for relief from submitting to a deposition, they are unpersuasive. This court has addressed the discovery issue previously (Doc. No. 19 at 2), and confirms Defendants have no obligation to respond to Plaintiff's disclosure requests prior to the discovery deadline (Doc. No. 12 at ¶5). Any refusal by Magistrate Judge Bencivengo to impose an earlier deadline on Defendants is fully warranted. As for the substantive issues, those remain for the district court to determine. Neither of these positions provide Plaintiff with an avenue of escape from her deposition nor a reason for this court to sustain Plaintiff's objections.

For the reasons set forth above, the court **OVERRULES** Plaintiff's objections to the May 6, 2009 Order of Magistrate Judge Bencivengo and any findings therein. Accordingly, the Order is **AFFIRMED.** Additionally, the matter is referred back to Magistrate Judge Bencivengo for a Report and Recommendations regarding imposition of sanctions for Plaintiff's failure to comply with the Order of May 6, 2009 requiring her submission to a deposition and for further discovery issues.

**IT IS SO ORDERED.**

DATED: May 27, 2009

_____
Hon. Jeffrey T. Miller
United States District Judge