UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN V. KLAT,<br><br>                       Plaintiff,<br><br>   v.<br><br>MITCHELL REPAIR INFORMATION COMPANY, LLC and SNAP-ON INC.,<br><br>                       Defendants. | Civil No.   08cv1907 JM (CAB)<br><br>**REPORT AND RECOMMENDATION REGARDING DISCOVERY SANCTIONS** |

      Pursuant to the May 27, 2009 Order of the Honorable Jeffrey T. Miller, this matter is before the Court for a Report and Recommendation regarding the imposition of sanctions for Plaintiff's failure to submit to a deposition. On October 16, 2008, Plaintiff Susan V. Klat, proceeding *pro se*, filed a verified complaint alleging Defendants Mitchell Repair Information Co.("Mitchell") and Snap-On Inc. ("Snap-On"), violated the Equal Pay Act, 29 U.S.C.§206(d)(1), with regard to her compensation as an employee at Mitchell, a division of Snap-On. [Doc. No. 1.] On February 12, 2009, the Court ordered the parties to engage in a Rule 26(f) conference, exchange initial disclosures and lodge a joint discovery plan with the Court. [Doc. No. 10.] The parties lodged their joint plan on March 18, 2009, in which Plaintiff indicated she had an objection to being deposed in this lawsuit.

      On April 2, 2009, the Court held a Case Management Conference, [Doc. No. 11], to set a scheduling order for this case, [Doc. No. 12]. During that conference, Plaintiff was instructed that Rule 30 of the Federal Rules of Civil Procedure provides that defendants may take the oral deposition of a

plaintiff without leave of court and that Plaintiff would be expected to make herself available for a properly noticed deposition. Because Plaintiff was representing herself, the Court offered that the deposition could be held in the courtroom so Plaintiff could seek immediate intervention if she had an issue with the scope of the questions. Defendants thereafter noticed Plaintiff's deposition for April 29, 2009.

On April 12, 2009, Plaintiff filed an objection to the scheduling order including her objection to being deposed in this lawsuit. [Doc. No. 14.] She further notified Defendants she would not appear for the noticed deposition. On April 28, 2009, the District Judge overruled Plaintiff's objection to being deposed. [Doc. No. 19.] Defendants then filed a motion to compel Plaintiff's attendance at deposition and for sanctions. [Doc. No. 20.] Plaintiff filed an opposition to the motion. [Doc. No. 22.] On May 6, 2009, the Court granted Defendants' motion to compel, denied the request for sanctions, and further ordered that Plaintiff need not be deposed in the courtroom if she preferred, but could appear at a court reporter's office. [Doc. No. 23.] Defendants re-noticed Plaintiff's deposition for May 13, 2009, in accordance with this Court's order. Plaintiff refused to appear and on May 11, 2009, Plaintiff filed objections to the order granting Defendants' motion to compel. [Doc. No. 24.]

On May 27, 2009, the District Judge again overruled Plaintiff's objection to having her deposition taken. [Doc. No. 32.] On June 3, 2009, the Court held a status conference to address the matter of sanctions for Plaintiff's previous failure to comply with the Court's order and to determine a date for her deposition. Plaintiff Susan Klat, proceeding *pro se*, appeared on her own behalf. Peter Brachman, Esq., appeared for Defendants.

Plaintiff represented to the Court that despite the two orders directing her to make herself available for deposition, she would not appear at a deposition noticed by Defendants. She stated Defendants could send her written deposition questions or depose her by telephone, but she refused to personally appear for a deposition. Defendants, however, have not agreed to take Plaintiff's deposition by remote means and Plaintiff has not shown good cause for an order to be deposed by telephone instead of in person as noticed by Defendants. *See* Fed. R. Civ. P. 30(b)(4).

Plaintiff was admonished that if she did not comply with the Court's orders to appear for a deposition, the undersigned would recommend to the District Judge that the case be dismissed.

Defendants requested the dismissal be with prejudice as Plaintiff brought this claim but is steadfastly refusing to comply with Defendants' right to depose her on the nature of her complaint. Plaintiff did not alter her position. Accordingly, this Court recommends the matter be **DISMISSED WITH PREJUDICE** due to Plaintiff's refusal to comply with Court orders and the Federal Rules of Civil Procedure on fundamental discovery. This Report and Recommendation of the undersigned Magistrate Judge is submitted to the Honorable Jeffrey T. Miller, pursuant to 28 U.S.C. § 636 (b)(1). No later than **June 17, 2009**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation." Any reply to the objections shall be filed with the Court and served on all parties within **10 days** of being served with the objections.

**IT IS SO ORDERED**.

DATED: June 4, 2009

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge